No. 26,623.

THE STANDARD INVESTMENT COMPANY, *Appellant*, v. R. H. GILL, *Appellee*.

SYLLABUS BY THE COURT.

BILLS AND NOTES—*Holder in Due Course—Evidence—Instructions*. In an action upon a promissory note by one claiming to be a holder in due course, the record is examined, and it is *held*: The case was properly submitted to the jury upon the questions (a) whether the execution of the note was induced by fraud, and (b) whether plaintiff's transferor purchased the note under such circumstances as to become a holder in due course.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed July 10, 1926. Affirmed.

*Jean Madalene*, of Wichita, *R. W. Turner* and *D. F. Stanley*, both of Mankato, for the appellant.

*Park B. Pulsifer, Clyde L. Short, Charles L. Hunt, Frank C. Baldwin* and *C. J. Putt*, all of Concordia, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action on a promissory note. The case was here before under the title of *Trust Co. v. Gill*, 113 Kan. 261, 214 Pac. 413, where the facts are sufficiently stated that they need not be here repeated. Since then the note was transferred to the present plaintiff. The case was tried to a jury, which answered special questions and returned a general verdict for defendant. The plaintiff has appealed.

Appellant contends that its demurrer to defendant's evidence should have been sustained; that it did not show fraud in the inception of the note sufficient to place upon plaintiff the burden of proof that it was a holder in due course. Upon this point the evidence was substantially the same as it was at the first trial, and clearly establishes that the execution of the note was induced by fraud.

Appellant contends that, under the evidence pertaining to the purchase of the note by the Ranchmen's Trust Company, the court should have instructed, as a matter of law, that the trust company became a holder of the note in due course. In the former appeal, upon the state of the evidence then before us, we said that was properly a jury question. Upon this last trial the evidence upon this

Bills and Notes, 8 C. J. pp. 1052 n. 50, 1061 n. 61, 1062 n. 62.

question was more favorable to defendant than it was at the first trial. There was no error in submitting this question to the jury.

The question of estoppel is again urged. Upon this, we adhere to our ruling in the former appeal.

The judgment of the court below is affirmed.